Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

RECEIVED
FILED

# UNITED STATES DISTRICT COURT

2022 JUL 12  PM 2: 35

for the

Middle District of Florida

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Orlando Division

Tavares Farrington
_____

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

**-v-**

OFFICER HARPER et al.
_____

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  5:22-cv-315-PB-TPB-PRL

*(to be filled in by the Clerk's Office)*

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to
electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social
security number or full birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any
other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in
forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                                Tavares Farrington

All other names by which
you have been known:

ID Number                           301168-076

Current Institution                 United States Penitentiary

Address                             P.O. Box 1002

                  Thomson            I.L.        61285

                     *City*              *State*      *Zip Code*

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name                                OFFICER HARPER

Job or Title *(if known)*           OFFICER - C/O

Shield Number

Employer                            Federal Bureau of Prisons

Address                             P.O. Box 1029

                  Coleman            Fla        33521

                     *City*              *State*      *Zip Code*

☒ Individual capacity    ☒ Official capacity

Defendant No. 2

Name                                Lieutenant Cordero

Job or Title *(if known)*           Lieutenant

Shield Number

Employer                            Federal Bureau of Prisons

Address                             P.O. Box 1029

                  Coleman            Fla.       33521

                     *City*              *State*      *Zip Code*

☒ Individual capacity    ☒ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name — Lieutenant Kelly
    Job or Title *(if known)* — Lieutenant
    Shield Number
    Employer — Federal Bureau of Prison
    Address — P.O. Box 1029
    Coleman    Fla.    33521
    *City*     *State*     *Zip Code*
    [X] Individual capacity    [X] Official capacity

Defendant No. 4
    Name — Assistant Warden Graham
    Job or Title *(if known)* — Assistant Warden
    Shield Number
    Employer — Federal Bureau of Prisons
    Address — P.O. Box 1029
    Coleman    Fla    33521
    *City*     *State*     *Zip Code*
    [X] Individual capacity    [X] Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

    [X] Federal officials (a *Bivens* claim)

    [ ] State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials? Plaintiff's Eighth Amendment was violated due to an sexual assault and an Excessive Use of Force amounting to cruel and unusual punishment for the unnecessary and wanton infliction of pain.

Attachment continuance of
I - B

Defendant No. 5
 Name : OFFICER SEbastian
 Job title : OFFICER - C/o
 Shield No. :
 Employer : Bureau of Prisons
 Address : P.O. Box 1029
          Coleman, Fla. 33521
              ☒ Individual capacity   ☒ official capacity
Defendant No. 6
 Name : OFFICER SPELL
 Job title : OFFICER   C/o
 Shield No. :
 Employer : Bureau of Prisons
 Address : P.O. Box 1029
          Coleman, Fla. 33521
              ☒ Individual capacity   ☒ official capacity
Defendant No. 7
 Name : OFFICER RAMSEY
 Job title : OFFICER   C/o
 Shield No. :
 Employer : Bureau of Prisons
 Address : P.O. Box 1029
          Coleman, Fla. 33521
              ☒ Individual capacity   ☒ official Capacity
Defendant No. 8
 Name : NURSE Mr. Winter

(1)

I·B

Job title: Nurse
Shield No.: N/A
Employer: Bureau of Prisons
Address: P.O. Box 1029
        Coleman, Fla. 33521
        ☒ Individual capacity   ☒ official capacity

Defendant No 9:
Name: Lieutentant/Captain Crawford
Title: Presently Captain
Shield No.: N/A
Employer: Bureau of Prisons
Address: P.O. Box 1029
        Coleman, Fla. 33521
        ☒ Individual capacity   ☒ official capacity

Defendant No 10
Name: OFFICER STEVENS
Title: OFFICER
Employer
~~Shield No.~~: Bureau of Prisons
Address: P.O. Box 1029
        Coleman, Fla. 33521
Shield No.: N/A
        ☒ Individual capacity   ☒ Official capacity

Defendant No 11
Name: OFFICER PARRIGAN
Title: OFFICER - C/o
Shield No.: N/A

(2)

Employer : Bureau of Prisons   (Federal)
Address : P.O. Box 1029
          Coleman, Fla. 33521
          ☒ Individual capacity   ☒ Official capacity

Defendant No. 12 :
Name : Gatelupe
Title : Officer
Shield No: N/A
Employer: Bureau of Prisons (Federal)
Address : P.O. Box 1029
          Coleman, Fla. 33521
          ☒ Individual capacity   ☒ Official capacity

Defendant No. 13 :
Name : Rivera
Title : Officer - C/o
Shield No: N/A
Employer: Bureau of Prisons (Federal)
Address : P.O. Box 1029
          Coleman, Fla. 33521
          ☒ Individual capacity   ☒ Official capacity

Defendant No. 14 :
Name : Rosado
Title : Officer
Shield No: N/A
Employer: Bureau of Prisons (Federal)
Address : P.O. Box 1029

Federal Defendants / continuence

I-B

☒ Individual capacity   ☒ Official capacity

Defendant No 15:

Name    : Stewart

Title    : Case Manager

Shield No : N/A

Employer : Bureau of Prisons (Federal)

Address : P.O. Box ~~0000~~ 1029

Coleman, Fla. 33521-

☒ Individual Capacity   ☒ Official Capacity

Defendant No 16:

Name    : Ortiz

Title    : Unit Manager

Shield No : N/A

Employer : Bureau of Prisons (Federal)

Address : P.O. Box ~~0000~~ 1029

Coleman, Fla. 33521

☒ Individual capacity   ☒ Official capacity

Defendant No 17:

Name    : Antonelli

Title    : Warden

Shield No :

Employer : Bureau of Prisons (Federal)

Address : P.O. Box 1029

Coleman, Fla. 33521

☒ Individual capacity   ☒ Official capacity

(4)

Attachments (continuesse

I-B

Defendant No 18

Name     : Officer Martin
Job title : OFFICER - C/o
Shield No :
Employer : Federal Bureau of Prisons
Address  : P.O. Box 1029
           Coleman, Florida 33521
           ☒ Individual capacity   ☒ Official capacity

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. The defendant(s) mentioned herein this complain were infact at their place of work, which is a Federal Correctional Facility govern by the Federal Bureau of Prisons. They committed the violation while acting under the color of Federal law.

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced state prisoner

☒ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.
As the Plaintiff addressed in his previous handwritten complaint. He was first assualted after C/O Harper ordered him to submit to a pat down search to which the Plaintiff complied by placeing his hands on the wall. As the officer patted from the

Attachment to Statement of Claim

IV - B

the plaintiff foot to between his legs officer Harper grope the plaintiff groin area to which the plaintiff began to protest to such misconduct Officer Harper told the Plaintiff to turn around and face the wall to which the plaintiff complied (All incident on wallset video camera in B-unit at Coleman 1 U.S.P. Facility) Officer Harper commense to pat search the plaintiff until officer Harper again groped the plaintiff's buttocks to which he protested. Officer Harper then told the plaintiff to face the wall again when the plaintiff told the officer Harper about his misconduct at inappropriately touching him officer Harper then grabbed the plaintiff around the neck and attempted to slam the plaintiff to the ground. This action caused other inmates in the dorm to come out and address the misconduct of the plaintiff's treatment by officer Harper. Officer then ordered the plaintiff to lay on the ground to which he replied once on the ground officer Harper punched the plaintiff in his left eye. Instantly the plaintiff stood up and attempted to get away from being assualted any further by officer Harper, (plaintiff kept his hands raised above his head during this part of the incident) mere minutes after the plaintiff stood up multiple officers Officers and Lieutenants entered the unit ordering the plaintiff to lay on the ground. Those lieutenants being Lieutenant Kelly, Lieutenant Cordero, those officer's being Gatelupe, Spell, Stevens and several others. At the time the plaintiff complied with the order to lay on the ground he was hand cuffed behind his back and picked up off the ground and excorted to the hall way outside of B-unit. He was then taken to an off the camera service area and assualted by first being thrown against the wall and kicked in his side and punched numerous time in the head and face and along his rib cage. When he fell to the floor he was kicked. After several minutes of this treatment he was

again picked up and braught back into the hall way where there was several women personel that possess a hand held camera to which a picture was taken. The plauntiff was then excort to the special housing unit. Once in the special hausing unit he was led to the medical examination Room where nurse Winter was setting up the blood preasure machine. Plauntiff began to explain what happen to him to Mr Winter (nurse) to who blatantly told the plaintiff along with Spell and Parrigan to shut up or more was going to happen. At the time this was occuring officer Galelupe was setting up the use of force camera (to which was to Run until the plauntiff was locked in a secured cell) infront of Lieutenant Cordero and Lieutenant Kelly. Plaintiff began to speak loudly so that his voice could be caught on camera explaining what occurred to him during the assualt to his persons in the service area. Once again they all told the plauntiff to shutup. After nurse Winters finished his mock assessment the plaintiff was then taken to the cutter area holding cell to which the plauntiff immediately got on his knees and crawled to the right side corner and placed his nose in the corner where he was then kicked in the back of the head by officer J. Spell and officer Stevens and Parrigan. The plauntiff began to scream as the Lieutenants kicked and punched him as well. The hand cuffs on the plaintiff were removed and placed in the front of the plaintiff while he laid on the grand motionless feeling an incredible pain in his back and head from being kicked and punched. Officer Ramsey and Parrigan then placed a waist chain around the plaintiffs waist and shackles on the plaintiff leg ancles so severally tight to where they cut into the plaintiff's skin, he has scars on all those areas. The Plaintiff was then turn over and sat in a restraint

IV-B

chair where he was against assualted by nurse Winter to who also was apart of the kicking assualt moments earlier. Officer Galelupé and Lieutenant began to make a mock video where the plaintiff began to address the camera again that when he seen that Assistant Warden Graham and Lieutenant/Captain Crawford was also present during the assualt and placement in the restraint chair. The plaintiff began to scream from the unbarable pain he suffered from being handcuff and shackled so tight to where his hands and ancles had blood on them. The plaintiff addressed the Assistant War-den about why he was being treated in such a way he responded by saying that I should threaten his officers with lawsuits. At this time officer Ramsey, T. Martin and Rosado was standing present, even during the assualt. It should be noted that Ms. Stewart, Unit Manager Ortiz and Warden Antonelli had prior knowledge of those griev-ances filed by the plaintiff where he addressed being threaten by the institutional staff. The plaintiff was denied medical attention and also food. When the plaintiff address Captain Crawford she told the plaintiff its just something he has to deal with and walked out of the holding cage with several of the defendants and did a dance imm-atating the plaintiff being in his cruel situation. The plaintiff went through that situation for several excurtiating hours. Officer Rosado, T. Martin and River refused to feed the plaintiff to which is on a religious diet. This' execessive use of force and assualt occurred on November 12th, 2021 at approximately 7:30 a.m.—3:00 p.m.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

The incident occurred on November 12, 2021 at the approx. time of 7:30 am – 3:00 p.m

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

By the amount of force used and the means it was used of officer Harper sexually and physically assaulting the plaintiff and Lt Kelly, Lt Cordero, Nurse Winter, along with several other defendant assaulting the plaintiff and refusing the plaintiff medical treatment, along with these acts committed before AW. Graham and Captain Crawford, with the prior knowledge of Warden Antonelli, Case Manager Steward and Unit Manager Ortiz he was assaulted and battered with excessive usage of force

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. Lower and middle back injuries, head injuries and eye injuries, irreparable injuries from the hand cuffs, shackles and waist chain

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1. Plaintiff seeks 850,000 from each defendant in his/her individual capacity Plaintiff seeks for compensatory damages.

2. Plaintiff seek 350,000 from each defendant in his/her individual capacity for punitive damages

3. Plaintiff seek injunctive relief from each defendant in their official capacity to be removed for the employment of the Bureau of Prisons and all federal agency.

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

U.S.P. Coleman 1

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

~~FORCE~~

EXCESSIVE USE OF FORCE, police brutality, ISExual assualt (PREA)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance? First to the institutional S.I.S. (special investigation service) on the Blue BP9 Form, the to the Regional on the yellow BP10 form, then to the central office on the pink BP11 form, all channels and tribunals of the Bureau.

2.    What did you claim in your grievance? That I was inappropriately touched, that I was assaulted physically several different times, also that the assistant warden and Captain were present one of those assaults.

3.    What was the result, if any? They simply said they would investigate and if I didn't like the results continue to appeal.

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*
I filed to all the rightful channels of tribunal along with filing a Tort Claim with the regional office.

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit
Plaintiff(s) _____
Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*
_____

3.    Docket or index number
_____

4.    Name of Judge assigned to your case
_____

5.    Approximate date of filing lawsuit
_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☒ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)   Farrington, Tavares
     Defendant(s)   Butner et al.

2.   Court *(if federal court, name the district; if state court, name the county and State)*
     Middle district of Florida

3.   Docket or index number
     6:14-cv-2059 (M.D. Fla. 2014)

4.   Name of Judge assigned to your case
     Unable to recall

5.   Approximate date of filing lawsuit
     2014

6.   Is the case still pending?

     ☐ Yes

     ☒ No

     If no, give the approximate date of disposition   ~~Occo~~ araund November 2014

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*   Plaintiff was awarded settlement.

E. Parties to the previous lawsuit:

Plaintiff 1. Tavares Farrington

Defendant(s) Woods et al.

    Court:

2. Northern District of Georgia, 2211 United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta G.A. 30303

Docket or index number:

3. 1:20-cv-3594 (N.D.Ga. 2020)

Name of Judge

4. Victorra M. Colvert

Approximate date of filing

5. August 27, 2020

Is the case still pending

6. Yes

What was the result of the case

7. Still pending Before District Judge Victoria M. Colvert for review challenging dismissal

F. Parties to the previous lawsuit

1. Farrington v.                these two case were consolidated to
   Loper    (I & II)    Farrington v. Woods et al,
   Court

2. Northern district of Georgia, 2211 United states Courthouse,
   75 Ted Turner Drive, S.W.  Atlanta. Ga, 30303
   ~~Docket~~ Docket or index No.

3. (I) 1:20-cv-3697 (N.D. Ga. 2020) and II 1:20-cv-3734 (N.D. Ga. 2020)
   Name of Judge Assigned

4. Victoria M. Colvert
   Approximate date of filing lawsuit

5.        2020
   Is the case still pending

6. Yes
   What was the result of the case?

7. Case is before District Judge for review of dismissal
   plaintiff challenges.

G. Parties to the previous lawsuit

1. Farrington V.
Diah
Court

2. Northern District of Georgia, 2211 United States Courthouse, 75 Ted Turner Drive S.W., Atlanta Ga. 30303
Docket or index No.

3    1:21-cv-2697 (N.D. Ga. 2021)
Name of Judge assigned

4    Honorable Judge Victoria M. Colvert
Approximate date of filing lawsuit

5.    2021
Is the case still pending?

6. Yes
What was the result of the case

7. Still before District Judge for review challenging Dismissal

H. Parties to the previous lawsuit

1. Farrington v.
   Cruickshank et al.
   Court

2. Northern District of Georgia, 2211 United States Courthouse, 75 Ted Turner Drive, S.W. Atlanta Ga. 30303
   Docket or index No.

3. 1:21-cv-2796 (N.D. Ga. 2021)
   Name of Judge

4. Honorable Judge Victoria M. Colvert
   Approximate date of filing lawsuit

5.    2021
   Is the case still pending?

6.    Yes
   What was the Result of the case

7. Still before District Judge for Review plaintiff challenging Recommendation

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

| | |
|---|---|
| Signature of Plaintiff | _Tavares J. Yannington_ |
| Printed Name of Plaintiff | Tavares Farrington |
| Prison Identification # | 30168 - 076 |
| Prison Address | U.S.P. Thomson , P. O. Box 1002 |
| | Thomson                                    IL,        61285 |
| | _City_                              _State_      _Zip Code_ |

### B.    For Attorneys

Date of signing: _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Address | _____ |
| | _____ |
| | _City_                              _State_      _Zip Code_ |
| Telephone Number | _____ |
| E-mail Address | _____ |

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    7/6/2022

| | |
|---|---|
| Signature of Plaintiff | Tavares J. Farrington |
| Printed Name of Plaintiff | Tavares Farrington |
| Prison Identification # | 30108-076 |
| Prison Address | U.S. Penitentiary, P.O. Box 1002 |
| | Thomson                    IL      61285 |
| | City                         State    Zip Code |

### B.    For Attorneys

Date of signing:    _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Address | _____ |
| | City                         State    Zip Code |
| Telephone Number | _____ |
| E-mail Address | _____ |